99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carnation Y.L. CORREA, Defendant-Appellant.
 No. 95-10370.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.*
Decided Oct. 15, 1996.
 
 1
 Before: O'SCANNLAIN and LEAVY, Circuit Judges, and HUFF,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Carnation Y.L. Correa ("Correa") appeals her jury conviction for filing false income tax returns, in violation of 26 U.S.C. § 7206(1). She claims that the district court made several erroneous rulings during the trial.
 
 
 4
 During the government's case-in-chief, the government's exhibits included an application for a contractor's license, a letter to the licensing board, and two state excise returns. These documents contained references to Correa's husband's income and employment during the years in question. The parties stipulated that these documents were typed or prepared by Correa.
 
 
 5
 Correa argues that these documents pertain to her husband's personal business matters, not their joint tax returns, and therefore the documents are irrelevant and prejudicial. We reject this argument. The government offered these documents to show that Correa, who personally prepared these documents, was well aware of her husband's income and business activities. These documents are relevant for this purpose. See Fed.R.Evid. 403; United States v. Mende, 43 F.3d 1298, 1302 (9th Cir.1995) (under Rule 403, the danger of prejudice must substantially outweigh the probative value of the evidence).
 
 
 6
 When Correa took the stand, the government again used these exhibits in its cross-examination. Defense counsel objected, citing irrelevancy and prejudicial effect. The court ruled that because Correa had taken the stand and testified as to her lack of knowledge and sophistication, the documents could be used for impeachment purposes. This ruling is within the court's discretion. See Fed.R.Evid. 607 (impeachment).
 
 
 7
 Correa testified about her childhood and upbringing, her marriage, and her claimed lack of knowledge and sophistication as to financial matters. On cross-examination, the government questioned Correa about the preparation of tax returns that she and her husband filed before 1986.
 
 
 8
 Following defense counsel's objections, the court ruled that cross-examination about the earlier returns could be used for impeachment purposes because the defense "opened the door" to questions regarding Correa's ability to handle the financial matters for the family during these earlier years. The court did not allow the earlier tax returns to be admitted as exhibits for the jury. The court also admonished the jury that the testimony regarding the earlier tax returns could only be used for judging the credibility of Correa's testimony. There was no abuse of discretion in this ruling. See Fed.R.Evid. 607 (impeachment).
 
 
 9
 Defense counsel called IRS agent Bain to testify about income which had been reported by the Correas in 1986. Defense counsel attempted to have Bain testify about an investigative report written by another agent. The government stated repeatedly that it had no objection to allowing the report into evidence. However, defense counsel did not want the entire report before the jury; rather, defense counsel wanted only one statement from the report read into the record by the witness Bain. The court properly sustained an objection to Bain reading from the report, which was not authored by him or admitted into evidence.
 
 
 10
 The IRS agents assigned to investigate the Correas conducted several interviews with them in 1989. At the outset of the trial, defense counsel moved to limit the government's presentation of evidence of these meetings. The court denied Correa's motion in limine.
 
 
 11
 Correa does not challenge the denial of her motion in limine; instead, she argues that the court did not allow adequate cross-examination of these IRS agents. The record does not support this argument. See United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) ("The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness.").
 
 
 12
 Correa argues that the court did not allow defense counsel to adequately cross-examine the government's rebuttal witness, Mrs. Lei Albert. The record shows objections to improperly-phrased questions on cross-examination. The rulings by the court were within its discretion in each instance.
 
 
 13
 Correa claims that the government's closing arguments were grossly misleading because the government arguably misstated the law and failed to refer to the jury instruction on "willfulness." A review of the transcript of closing arguments does not support Correa's claim of "gross misstatements." Furthermore, the district court instructed the jury that counsels' closing arguments are neither evidence nor the law, thus clearly neutralizing the prosecutor's statements. Correa does not establish reversible error in her prosecutorial misconduct claim. See United States v. Manning, 56 F.3d 1188, 1199 (9th Cir.1995).
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3